## AETNA LIFE INS. CO. OF HARTFORD, CONN., v. HOWARD SAV. BANK et al.

### Civ. No. 2252.

District Court, D. New Jersey.

Jan. 15, 1944.

Collins & Corbin, Jersey City, N. J. (Edward A. Markley, of Jersey City, N.J., of counsel), for plaintiff.

William M. McConnell, of Newark, N. J., for defendant Howard Sav. Bank.

Cox & Walburg, of Newark, N. J., for defendant Thomas J. Moloney.

MEANEY, District Judge.

This matter is submitted to the court under an agreed state of facts, wherefrom it appears that the plaintiff Insurance Company issued two annuity contracts to one Jennie E. Moloney, now deceased.

Under the annuity contracts, the beneficiaries, as stated therein, are the executors or administrators of the annuitant, the deceased. The contracts contain a further provision, that the beneficiary designated may be changed by the annuitant, provided the contract has not been assigned and is then returned to the company with a request for such change duly signed by the annuitant alone, and such change shall take effect on endorsement of the same hereon

---

by the company. By the term "hereon" is meant the annuity contract.

The deceased in her lifetime, that is, on the 19th day of January, 1942, executed on forms provided by the plaintiff the change of beneficiary, on each contract, in the following language: "Each annuity payment becoming due under this contract after the death of the annuitant, if any, shall be payable when due, to Thomas J. Moloney, nephew of the annuitant, if then living, otherwise to the executors or administrators of the annuitant and said nephew."

On the same date, the forms were delivered on behalf of the decedent to the plaintiff at its office in New York City, who in turn forwarded the same to the Home Office in Hartford, Connecticut, where they were received on January 30, next following.

On January 23, 1942, four days after the execution of the change in beneficiary, the deceased advised the defendant, one Thomas J. Moloney, that she was ill, that she had looked about her room as far as she was able, and had been unable to find the annuity contracts. On the following day, she was attended by a doctor and was found to be suffering from high blood pressure and in an advanced state of arteriosclerosis and probably suffering from other conditions that could not be diagnosed at that time.

On January 26, 1942, she was hospitalized in the City of Newark, and from that time on her condition became progressively worse and she died on March 21, 1942, in the hospital.

From the date of her entry into the hospital to the date of her death, she was bedridden and unable to conduct any of her business or personal affairs.

On January 26, 1942, the date the deceased was taken to the hospital, the defendant, Thomas J. Moloney, in an endeavor to find the annuity contracts, searched the room that decedent occupied but was unable to find the contracts. He was unable to open a trunk in the room, and the following day the housekeeper of the premises visited decedent in the hospital and was told to permit defendant, Thomas J. Moloney, to go through her trunk and personal belongings, and at that time she gave the keys to the trunk to the housekeeper, who in turn was told to communicate with the defendant, Thomas J. Moloney.

The defendant, Thomas J. Moloney, together with the housekeeper, opened the trunk and searched for the annuity contracts, but was unable to find them. A visit was made to the decedent at the hospital, and as a result thereof keys to the safe deposit box maintained by the decedent at the vault of the defendant, The Howard Savings Bank, were obtained.

The defendant, Thomas J. Moloney, was denied access to the safe deposit box as he had no power of attorney from the decedent authorizing him to open the safe deposit box. The defendant, Thomas J. Moloney, consulted an attorney and had a power of attorney drawn, visited the decedent at the hospital in order to procure the decedent's signature on the power of attorney, but because she was at that time incoherent in speech and unable to understand what was going on about her, he was advised by her physician that she was not sufficiently mentally alert to execute any documents. She became progressively worse, and at no time thereafter was she physically or mentally able to execute the power of attorney.

Defendant, Thomas J. Moloney, makes claim to the payments to become due under the annuity contracts, and the defendant, The Howard Savings Bank, as executor of the estate of the deceased, also makes claim thereto. Plaintiff seeks instructions from the court as to whom to make payment.

In the case as submitted, the question for determination is whether there was such a change of beneficiary in the policies as to entitle the defendant, Thomas J. Moloney, to the fruits thereof; or whether the attempted change was ineffective by reason of failure to comply with necessary prerequisites to such transfer.

In Prudential Ins. Co. of America v. Swanson et al., 111 N.J.Eq. 477, 162 A. 597, at page 599, the court says: "An examination of cases will show that for the most part the insured is excused from complying with the strict requirements of his policy only where he is able to convince the court that he has done everything within his power to effect a change, and made every reasonable effort to comply with the conditions of a change of beneficiary, and that then the rule that

substantial compliance is sufficient becomes applicable."

An endorsement changing the beneficiary in a policy of insurance has been held to be a mere ministerial act where the insured has done all that he should have done to entitle him to have the indorsement made on the policy. Prudential Ins. Co. of America v. Reid et al., 107 N.J.Eq. 338, 152 A. 454, 455. In that same case the court said: "* * * and, if it be here determined that the insurer should have made the indorsement on the policy, equity must regard that which should have been done as having been done, and the rights of the respective parties in interest will be measured without regard to the absence of the ministerial act of indorsement."

While the facts are not in complete agreement with those in the instant case, a compelling analogy exists, particularly since it appears to the court that the condition announced in the Swanson case, above recited, would seem to have been carried out. The decedent in her lifetime, either of herself or through her agent, Thomas J. Moloney, who acted with her consent and at her request, did everything within her power to effectuate the change of beneficiary. Her efforts might not have been those of a person possessed of greater physical strength, or keener intellectual powers; but they were such as to convince this court that she, and her agent operating for her, did all within their powers to comply with the conditions of a change of beneficiary.

Considering the transfer as having been made, what effect then would the death of the · defendant, Thomas J. Moloney, have upon the disposition of the annuity payments, if any, which might have become due after his demise? The language of the assignment, evidently made out on a form supplied by The Aetna Life Insurance Company and very presumably made out by the agent of said company, reads as follows: "Each annuity payment becoming due under this contract after the death of the annuitant, if any, shall be payable when due, to Thomas J. Moloney, nephew of the annuitant, if then living, otherwise to the executors or administrators of the annuitant and said nephew."

This language is perfectly clear, and in the absence of any evidence, inherent or extraneous, which would indicate fraud,

error or mistake, the words should be given their patent meaning.

It is the judgment of the court that the defendant, Thomas J. Moloney, is entitled to receive the annuity payments now due and unpaid and to become due during his lifetime; and in the event of his death before the completion of payments which shall be due on the policies, subsequent payments shall be payable in two equal parts, one to his executors or administrators and one to the executors or administrators of the decedent, Jennie E. Moloney.